NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-774

K.Z.

vs.

N.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties are college students who, along with three other tenants, shared an apartment in Brookline.  They did not get along.  K.Z. had many complaints about N.F.'s conduct, which K.Z. claims to have found threatening.  To address his living situation, K.Z. petitioned for an abuse prevention order pursuant to G. L. c. 209A against N.F.  After an initial hearing at which both parties appeared, a District Court judge issued an order requiring N.F. to stay away from K.Z. and from the apartment and scheduled a second two-party hearing twelve days later.  At the follow-up hearing, N.F. reported that the landlord was allowing her to break her lease and that she had no intention of returning to the apartment.  Nevertheless, at K.Z.'s request, the judge extended the 209A order for a full year.  On N.F.'s appeal, we vacate both orders.

Background.  A major source of conflict between the housemates was that N.F. regularly allowed her boyfriend to stay over, in contravention of the lease term that limited occupancy to listed tenants and family.  K.Z. also alleged that N.F. did many other things that violated the lease's "no disturbance" policy.  For example, he alleged that N.F. once broke his kitchen grater, but would not admit it.  He also alleged that she hid other kitchenware or stored it in unhygienic locations.  Another prominent complaint was that N.F. intentionally bounced a hard ball against K.Z.'s bedroom door to annoy him, and that, when confronted about this, she claimed that she was merely playing with one or more of the apartment's multiple cats.  K.Z., who is Asian, additionally claimed that on the same occasion that he confronted her about the ball, N.F. made fun of his way of speaking and banged on his bedroom door after he retreated there.

Discussion.  N.F. admits that she and K.Z. did not get along and that they had at least one verbal dispute in which expletives were exchanged.[1]  She otherwise seeks to paint a

---

[1] As an initial matter, there is a question whether G. L. c. 209A applies in the context before us.  The statute applies to "household members," though that does not mean it applies to all people who live together.  See, e.g., Silva v. Carmel, 468 Mass. 18, 22-23 (2014) (individuals assigned by State agency to live together but who otherwise are not "socially interdependent" and "not voluntarily living together" were not "household members"

different picture of the underlying facts, claiming to have been a good and responsible roommate. To support this picture, N.F. presented multiple letters of support, including a letter from a former roommate who had lived with both K.Z. and N.F. Although the judge did not issue specific findings, she plainly appears to have credited K.Z.'s version of the events, and we are bound by her credibility determinations. See Vittone v. Clairmont, 64 Mass. App. Ct. 479, 487 (2005) ("The judge had the parties before [her] and was in a position to observe their demeanor").

The question remains whether K.Z.'s allegations are legally sufficient to support the issuance of an abuse prevention order pursuant to c. 209A. In the circumstances of this case, which involved no allegations of actual or attempted violence by N.F. against K.Z. or claims of any sexual contact between them, K.Z. needed to prove that, viewed objectively, N.F.'s actions or statements placed him in reasonable fear of "imminent serious physical harm." G. L. c. 209A, § 1 (definition of "abuse"). See Smith v. Jones, 75 Mass. App. Ct. 540, 543 (2009) ("reasonable fear of imminent serious physical harm is to be determined by an objective standard"). We agree with N.F. that, as a matter of law, the evidence here did not meet that standard. Although N.F.'s conduct was no doubt annoying and

for purposes of c. 209A). N.F. has not raised this issue and we therefore do not reach it.

perhaps even anxiety provoking, nothing suggests that she was about to attack K.Z. or otherwise had threatened him with imminent serious physical harm.[2]  K.Z's vague expressions that N.F.'s bad behavior created an atmosphere in which he and the other roommates "no longer feel safe, no longer feel comfortable and no longer enjoy this toxic situation" are not sufficient. See Carroll v. Kartell, 56 Mass. App. Ct. 83, 86 (2002) ("Generalized apprehension, nervousness, feeling aggravated or hassled, i.e., psychological distress from vexing but nonphysical [contact], when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm" [citation omitted]).[3]

---

[2] K.Z. separately obtained an abuse prevention order against N.F.'s boyfriend.  Although the record of that case is not before us, there are some indications that the boyfriend's conduct may have included more overtly threatening behavior.  We express no position on the propriety of any orders issued against him.

[3] In the parallel context of harassment prevention orders sought pursuant G. L. c. 258E, we have cautioned that when the issuance of the order would serve to evict a tenant, judges should be on guard to "examine the allegations of harassment carefully, to ensure that c. 258E is not being used as a substitute for eviction through a summary process action under G. L. c. 239." C.E.R. v. P.C., 91 Mass. App. Ct. 124, 124-125 (2017).  The same admonition applies in the c. 209A context.

The abuse prevention orders issued against N.F. are vacated.

So ordered.

By the Court (Milkey,
  Massing & Henry, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  April 14, 2023.

---

[4] The panelists are listed in order of seniority.